## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| RAYTHEON COMPANY,<br>*Plaintiff,*<br><br>vs.<br><br>CRAY, INC.,<br><br>*Defendants* | Civil Action No. 2:15-cv-1554<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Raytheon Company ("Raytheon"), makes this Complaint for Patent Infringement ("Complaint") against Cray, Inc. ("Cray"), wherein, pursuant to 35 U.S.C. §§ 271 and 281, Raytheon seeks a judgment of infringement by Cray of U.S. Patent Nos. 7,475,274 ("the '274 patent"), 8,190,714 ("the '714 patent"), 8,335,909 ("the '909 patent"), and 9,037,833 ("the '833 patent") (collectively, "the Raytheon Patents") and damages pursuant to 35 U.S.C. § 284, as well as any other relief that the Court deems just and proper.  Raytheon alleges the following in support of its Complaint.

## THE PARTIES

1.      Plaintiff, Raytheon Company is a Delaware corporation and is headquartered at 870 Winter Street, Waltham, Massachusetts 02451.  Raytheon Company has multiple locations within the State of Texas, including its Plano, Richardson, and McKinney facilities within the Eastern District of Texas.

2.      On information and belief, Cray is a Washington corporation with a headquarters office located at 901 Fifth Avenue, Suite 1000, Seattle, Washington 98164.  On information and belief, Cray has facilities and employees within the State of Texas.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a).

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

5.      This Court has jurisdiction over Cray because Cray has purposefully directed its sales and marketing activities – of products that infringe the Raytheon Patents – towards residents of the State of Texas and the Eastern District of Texas.  For the following reasons, this litigation results from those targeted acts of patent infringement.

6.      On information and belief, Cray registered as a corporation doing business in Texas in 2000 and has kept its filing with the Texas Secretary of State current since that date. On information and belief, Cray maintains supercomputer design and manufacturing facilities in Texas.  On information and belief, Cray also has sales and marketing employees throughout the State of Texas and within the Eastern District of Texas.  On information and belief, these employees include a Mr. Douglas D. Harless who lives in Athens, Texas, which is within the Eastern District of Texas.  Accordingly, and on information and belief, these employees offer to sell and sell supercomputer systems to customers within the State of Texas and the Eastern District of Texas.  On information and belief, these customers include, but are not limited to, the University of Texas system.

7.      On information and belief, Cray sold an infringing XC40 supercomputer to the University of Texas for use in its Texas Advanced Computing Center (TACC).  On information and belief, Cray has previously sold other supercomputer systems to the University of Texas for use at the TACC.  On information and belief, users may access these supercomputers via remote terminals throughout the University of Texas system.  On information and belief, these terminals are at facilities within the Eastern District of Texas, including both the University of Texas – Dallas and the University of Texas – Tyler.[1]  On information and belief, these terminals have had access to Cray supercomputers at the TACC since before Cray's sale of the XC40 supercomputer to the University of Texas.  Accordingly, and on information and belief, the Cray supercomputers at the TACC are used at University of Texas facilities within the State of Texas and within the Eastern District of Texas.

8.      On information and belief, Cray also has in the past, and continues to, either directly or through its intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, and/or sell infringing systems in the United States, the State of Texas, and the Eastern District of Texas.  Accordingly, and on information and belief, Cray has committed, and continues to commit, acts of patent infringement within the State of Texas and within the Eastern District of Texas.  For these reasons, this Court may also exercise jurisdiction over Cray pursuant to the Texas Long Arm Statute and the Due Process clause.

---

[1] On information and belief, the county line between Dallas County and Collins County bisects the University of Texas – Dallas.  Collins County is within the Eastern District of Texas.  On information and belief, this county line also bisects both the Engineering and Computer Science building at the University of Texas – Dallas and a substantial portion of the University of Texas – Dallas' research facilities.

9.      Accordingly, and on information and belief, this Court has specific and/or general personal jurisdiction over Cray for its acts of patent infringement within the State of Texas and within the Eastern District of Texas.

## COUNT I
### (INFRINGEMENT OF THE '274 PATENT)

10.     Raytheon refers to and incorporates herein the allegations of paragraphs 1-9.

11.     On January 6, 2009, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,475,274 entitled "Fault Tolerance and Recovery in a High-Performance Computing (HPC) System."  Plaintiff attaches a true and correct copy of the '274 Patent as Exhibit A.

12.     Presently, and during all relevant times, Raytheon has been and is the sole owner of all right, title, and interest in the '274 Patent, including the right to recover for patent infringement.

13.     Cray has been on actual notice of the '274 Patent since no later than June 18, 2015, when Raytheon provided Cray with information showing the substantial likelihood that Cray's XE6 supercomputer falls within the scope of one or more claims of the '274 Patent.

14.     On information and belief, Cray, through itself and/or one or more of its entities, subsidiaries, affiliates, business divisions, or business units, directly infringed the '274 Patent pursuant to 25 U.S.C. § 271, including at least 35 U.S.C. § 271(a), by importing into the United States or offering to sell, selling, or using within the United States systems that fall within the scope of one or more claims of the '274 Patent, including but not limited to Claim 1, without authority from Raytheon, including but not limited to the XE6 supercomputer, as well as other systems developed by Cray.

15.     On information and belief, Cray induced infringement of the '274 Patent in violation of at least 35 U.S.C. § 271(b) by, among other things, knowingly and with intent, actively encouraging others to use, sell, offer for sale, and/or import certain Cray systems, including but not limited to the XE6 supercomputer, in a manner that constitutes infringement of one or more claims of the '274 Patent, including but not limited to Claim 1.  On information and belief, this inducing activity occurred at least since the time that Cray received notice of the '274 Patent, and did not stop after Cray received notice of said patent, as described above.

16.     As a result of Cray's infringement of the '274 Patent, Raytheon has suffered damage.  Raytheon is entitled to recover from Cray damages to compensate for such infringement, which have yet to be determined.

17.     On information and belief, despite its knowledge of the '274 Patent, Cray made the decision to continue to infringe the '274 Patent.  As a result, Cray's knowledge of the '274 Patent may be willful, and if so, Raytheon is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## COUNT II
## (INFRINGEMENT OF THE '714 PATENT)

18.     Raytheon refers to and incorporates herein the allegations of paragraphs 1-9.

19.     On May 29, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,190,714 entitled "System and Method for Computer Cluster Virtualization Using Dynamic Boot Images and Virtual Disk."  Plaintiff attaches a true and correct copy of the '714 Patent as Exhibit B.

20.     Presently, and during all relevant times, Raytheon has been and is the sole owner of all right, title, and interest in the '714 Patent, including the right to recover for patent infringement.

21.     Cray has been on actual notice of the '714 Patent since no later than June 18, 2015, when Raytheon provided Cray with information showing the substantial likelihood that Cray's XC40 supercomputer falls within the scope of one or more claims of the '714 Patent.

22.     On information and belief, Cray, through itself and/or one or more of its entities, subsidiaries, affiliates, business divisions, or business units, directly infringed the '714 Patent pursuant to 25 U.S.C. § 271, including at least 35 U.S.C. § 271(a), by importing into the United States or offering to sell, selling, or using within the United States systems that fall within the scope of one or more claims of the '714 Patent, including but not limited to Claim 29, without authority from Raytheon, including but not limited to the XC40 supercomputer, as well as other systems developed by Cray.

23.     On information and belief, Cray induced infringement of the ' 714 Patent in violation of at least 35 U.S.C. § 271(b) by, among other things, knowingly and with intent, actively encouraging others to use, sell, offer for sale, and/or import certain Cray systems, including but not limited to the XC40 supercomputer,  in a manner that constitutes infringement of one or more claims of the '714 Patent, including but not limited to Claim 29.  On information and belief, this inducing activity occurred at least since the time that Cray received notice of the '714 Patent, and did not stop after Cray received notice of said patent, as described above.

24.     As a result of Cray's infringement of the '714 Patent, Raytheon has suffered damage.  Raytheon is entitled to recover from Cray damages to compensate for such infringement, which have yet to be determined.

25.     On information and belief, despite its knowledge of the '714 Patent, Cray made the decision to continue to infringe the '714 Patent.  As a result, Cray's knowledge of the '714

Patent may be willful, and if so, Raytheon is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## COUNT III
### (INFRINGEMENT OF THE '909 PATENT)

26.     Raytheon refers to and incorporates herein the allegations of paragraphs 1-9.

27.     On December 18, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,335,909 entitled "Coupling Processors to Each Other for High Performance Computing (HPC)."  Plaintiff attaches a true and correct copy of the '909 Patent as Exhibit C.

28.     Presently, and during all relevant times, Raytheon has been and is the sole owner of all right, title, and interest in the '909 Patent, including the right to recover for patent infringement.

29.     Cray has been on actual notice of the '909 Patent since no later than June 18, 2015, when Raytheon provided Cray with information showing the substantial likelihood that Cray's XE6 supercomputer falls within the scope of one or more claims of the '909 Patent.

30.     On information and belief, Cray, through itself and/or one or more of its entities, subsidiaries, affiliates, business divisions, or business units, directly and/or indirectly infringed the '909 Patent pursuant to 25 U.S.C. § 271, including at least 35 U.S.C. § 271(a).  On information and belief, Cray infringed the '909 patent  importing into the United States or offering to sell, selling, or using within the United States systems that fall within the scope of one or more claims of the '909 Patent, including but not limited to Claim 1, without authority from Raytheon, including but not limited to the XE6 supercomputer, as well as other systems developed by Cray.

31.     On information and belief, Cray induced infringement of the '909 Patent in violation of at least 35 U.S.C. § 271(b) by, among other things, knowingly and with intent, actively encouraging others to use, sell, offer for sale, and/or import certain Cray systems, including but not limited to the XE6 supercomputer, in a manner that constitutes infringement of one or more claims of the '909 Patent, including but not limited to Claim 1.  On information and belief, this inducing activity occurred at least since the time that Cray received notice of the '909 Patent, and did not stop after Cray received notice of said patent, as described above.

32.     As a result of Cray's infringement of the '909 Patent, Raytheon has suffered damage.  Raytheon is entitled to recover from Cray damages to compensate for such infringement, which have yet to be determined.

33.     On information and belief, despite its knowledge of the '909 Patent, Cray made the decision to continue to infringe the '909 Patent.  As a result, Cray's knowledge of the '909 Patent may be willful, and if so, Raytheon is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## COUNT IV
### (INFRINGEMENT OF THE '833 PATENT)

34.     Raytheon refers to and incorporates herein the allegations of paragraphs 1-9.

35.     On May 19, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 9,037,833 entitled "High Performance Computing (HPC) Node Having a Plurality of Switch Coupled Processors."  Plaintiff attaches a true and correct copy of the '833 Patent as Exhibit D.

36.     Presently, and during all relevant times, Raytheon has been and is the sole owner of all right, title, and interest in the '833 Patent, including the right to recover for patent infringement.

37.     Cray has been on actual notice of the '833 Patent since no later than June 18, 2015, when Raytheon provided Cray with information showing the substantial likelihood that Cray's XC40 supercomputer falls within the scope of one or more claims of the '833 Patent.

38.     On information and belief, Cray, through itself and/or one or more of its entities, subsidiaries, affiliates, business divisions, or business units, directly infringed the '833 Patent pursuant to 25 U.S.C. § 271, including at least 35 U.S.C. § 271(a), by importing into the United States or offering to sell, selling, or using within the United States systems that fall within the scope of one or more claims of the '833 Patent, including but not limited to Claim 8, without authority from Raytheon, including but not limited to the XC40 supercomputer, as well as other systems developed by Cray.

39.     On information and belief, Cray induced infringement of the '833 Patent in violation of at least 35 U.S.C. § 271(b) by, among other things, knowingly and with intent, actively encouraging others to use, sell, offer for sale, and/or import certain Cray systems, including but not limited to the XC40 supercomputer, in a manner that constitutes infringement of one or more claims of the '833 Patent, including but not limited to Claim 8.  On information and belief, this inducing activity occurred at least since the time that Cray received notice of the '833 Patent, and did not stop after Cray received notice of said patent, as described above.

40.     As a result of Cray's infringement of the '833 Patent, Raytheon has suffered damage.  Raytheon is entitled to recover from Cray damages to compensate for such infringement, which have yet to be determined.

41.     On information and belief, despite its knowledge of the '833 Patent, Cray made the decision to continue infringe the '833 Patent.  As a result, Cray's knowledge of the '833

Patent may be willful, and if so, Raytheon is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## JURY DEMAND

42.     Raytheon demands a trial by jury on any and all issues triable of right before a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure and Eastern District of Texas Local Rule 38.

## PRAYER FOR RELIEF

43.     WHEREFORE, Raytheon respectfully prays for the following relief:

44.     A full accounting for an award of damages to Raytheon for Defendants' infringement of the Raytheon Patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest, costs and disbursements;

45.     An injunction entered against Cray to prevent any further infringement of the Raytheon Patents;

46.     An order adjudging that this case is "exceptional" within the meaning of 35 U.S.C. § 285 against Defendants;

47.     An award of Raytheon's reasonable attorneys' fees, expenses, and costs; and

48.     A grant of any other further equitable or legal relief as this Court may deem just and proper.

Dated: September 25, 2015                    Respectfully Submitted,

                                             By:  /s/ William E. Davis, III
                                             William E. Davis, III
                                             Texas State Bar No. 24047416
                                             **THE DAVIS FIRM P.C.**
                                             213 N. Fredonia Street, Suite 230
                                             Longview, Texas 75601
                                             Telephone: (903) 230-9090
                                             Facsimile: (903) 230-9661

E-mail: bdavis@bdavisfirm.com

**Of Counsel**

Thomas J. Filarski
Daniel S. Stringfield
Brian G. Fahrenbach
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
Phone:  (312) 577-1300
Email:  tfilarski@steptoe.com
        dstringfield@steptoe.com
        bfahrenbach@steptoe.com

**ATTORNEYS FOR PLAINTIFF
RAYTHEON COMPANY**