IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAYTHEON COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 2:15-CV-01554-JRG-RSP |
| | § | |
| CRAY, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Cray, Inc. moves the Court to compel the production of certain documents from Raytheon Company based on Raytheon's purported waiver of attorney-client privilege. Cray's Motion [Dkt. # 108]. After considering the parties' briefing and arguments of counsel made during a February 2017 hearing, the Court DENIES the motion.

**I.  BACKGROUND**

As part of its responses to Cray's discovery requests, Raytheon produced three invention disclosure questionnaires for the patents asserted in this litigation. Kohm Decl. [Dkt. # 108-1] ¶ 2. According to Cray, Raytheon's intentional production of the questionnaires waived privilege with respect to preparation and prosecution of the patents. Thus, Cray asks the Court to order Raytheon to produce all documents and provide all previously withheld testimony concerning that subject matter.

To support its position that these questionnaires were privileged documents, Cray

relies on testimony from three witnesses. First, Gary Early, one of the inventors of the asserted patents, testified that Raytheon employees complete invention disclosure questionnaires for review by an invention review committee that includes attorneys. Early Depo. [Dkt. # 108-2] at 13:5–14:6; 20:18–22:21. Early explained that if Raytheon proceeds with prosecution after reviewing the questionnaires, the employees who submit such disclosures communicate with in-house and outside counsel during prosecution. *Id*. at 102:5–11.

Second, James Ballew, also an inventor, testified that he and other Raytheon employees completed the questionnaires for Raytheon's attorneys' use when preparing the patent applications. Ballew Dep. [Dkt. # 108-4] at 170:24–171:6. Ballew described meeting with Raytheon's outside counsel to provide further information about the inventions. *Id.* at 172:1 to 174:1.

Third, Raytheon's former outside prosecution counsel, Travis Thomas, testified it was typical for counsel to meet with inventors and discuss the invention and prior art. Thomas Dep. [Dkt. # 108-3] at 19:9–23; 22:22–23:10. Thomas also testified he treated questionnaires as protected by attorney-client privilege. *Id.* at 20:10–22.

Raytheon responds that the questionnaires were never privileged, so there is no waiver. According to Raytheon's policies, the questionnaires are corporate forms reviewed by a "decision-making body [including technical specialists] which, as a primary function reviews and evaluates the *technical and economic (business) merits* of an invention and determines whether patent, trade secret or other types of protection or courses of

action should be pursued." Stringfield Decl. [Dkt. # 117-1] ¶¶ 3, 8 (quoting RAY_CRAY00220516) (emphasis added). An "Invention Review Subcommittee" evaluates the questionnaires based on "[w]hether an invention . . . significantly *benefits Raytheon's competitive advantage* in one or more relevant markets or *furthers Raytheon's business interest* by presenting licensing or business partnership opportunities with third parties." *Id.* ¶ 6 (quoting RAY_CRAY00220519) (emphasis added). Then, if the Invention Review Subcommittee "approves the invention on its *technical merit*, the invention is submitted to [a] Patent Evaluation Committee for a broader review with increased focus on the business justification for filing a patent application or protecting the invention as a trade secret." *Id.* ¶ 7 (quoting RAY_CRAY00220519–520) (emphasis added). If the relevant Raytheon business-decision committees find a business justification to pursue patent protection, Raytheon submits the questionnaires to outside counsel for the purpose of preparing a patent application. *Id.* ¶ 10 (citing White Tr. at 307:23–308:13).

## II. APPLICABLE LAW

The attorney-client privilege is the client's right to refuse to disclose "confidential communications between attorney and client made for the purpose of obtaining legal advice." *Genetech, Inc. v. U.S. Int'l Trade Comm'n,* 122 F.3d 1409, 1415 (Fed. Cir. 1997). It protects only those communications that would not have been made but for the privilege. *See Fisher v. United States,* 425 U.S. 391, 403 (1976). In determining whether the privilege applies in a given case, the ultimate question is whether a "communication is one . . .

made . . . for the purpose of obtaining legal advice or services." *In re Spalding Sports Worldwide, Inc.,* 203 F.3d 800, 805 (Fed. Cir. 2000).

## III. DISCUSSION

Relying heavily on *In re Spalding*, Cray argues the questionnaires were privileged because (1) their purpose was to enable Raytheon, through counsel, to decide whether a potential invention is patentable, and (2) Raytheon's outside counsel confirmed he treated such disclosures as privileged. Cray's Motion [Dkt. # 108] at 4. In *In re Spalding*, the inventors submitted the invention record directly to Spalding's corporate legal department and the communication was made only for the purpose of obtaining legal advice. *In re Spalding*, 203 F.3d at 803.

Here, unlike *In re Spalding*, Raytheon did not create the documents to obtain legal advice. Rather, Raytheon employees completed the questionnaires for business purposes. Only after the proposed inventions satisfied multiple levels of business and technical review did Raytheon provide the questionnaires to outside patent counsel. That Thomas treated the questionnaires as privileged doesn't alter their underlying business purpose.

## IV. CONCLUSION AND ORDER

The Court finds that Raytheon employees created the questionnaires for the purpose of reviewing and evaluating the technical and business merits of inventions, and not

for the purpose of securing legal advice. Therefore, the Court finds the questionnaires are not and never were privileged.

Accordingly, the Court DENIES Cray's Motion to Compel [Dkt. # 108].

**SIGNED this 5th day of June, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE